# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| Paul Payne, Glendaly Felix, Tyrone Hendrickson, and Anneth Evelyn and Nancy Paulina <br><br> Plaintiffs <br><br> vs. <br><br> CAROLINE FAWKES, in her individual capacity, and in her capacity as Supervisor of Elections for the U.S.V.I., and the JOINT V.I.BOARD OF ELECTIONS <br><br> Defendants. | CIVIL NOS: 2014-0053 <br><br> **COMPLAINT AND EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY RELIEF** |
| Senator Alicia "Chucky" Hansen <br><br> Plaintiff <br><br> vs. <br><br> CAROLINE FAWKES, in her individual capacity, and in her capacity as Supervisor of Elections for the U.S.V.I., and the JOINT V.I.BOARD OF ELECTIONS <br><br> Defendants. | CIVIL NOS: 2014-0055 <br><br> **COMPLAINT AND EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY RELIEF** |

## DEFENDANTS' BRIEF
## PURSUANT TO COURT ORDER DATED SEPTEMBER 10, 2014

Case: 1:14-cv-00055-WAL-GWC Document #: 9 Filed: 09/10/14 Page 2 of 6

Paul Payne et al. v. Caroline Fawkes et al.
Civil Nos. 2014-0053/2014-0055
Defendants' Brief Pursuant to Court Order dated September 10, 2014
Page: 2

**COME NOW** Defendants, by and through the undersigned assistant attorney general, and hereby submit the following Brief pursuant to the Court's Oral Order issued September 10, 2014, and states as follows[1]:

Defendants rely on the arguments made and cases cited during the hearing and set forth in the Attorney General's September 3, 2014 Opinion to the Governor.

The Revised Organic Section 6(b) provides in relevant part that the "[n]o person shall be eligible to be a member of the legislature who... has been convicted of a felony or of a crime involving moral turpitude and has not received a pardon restoring his civil rights." Section 11 provides that he may grant pardons and reprieves and remit fines and forfeitures for offenses against local laws." The power of the Governor to grant pardons is well settled. See Lettsome v. Wagner, 22 V.I. 94. It is also well established that a pardon restores a convicted defendant's basic civil rights and does away and does away with the collateral consequences of his conviction. Id. citing Bjerkan v. United States, 529 F. 2d 125, 127 (7th Cir. 1975). The effect of the Governor's pardon granted to Senator Hansen is the immediate restoration of her civil rights, including her rights to run for office and to become a member of the legislature, if elected, by the voters in St. Croix. See Lopez v. Kase, 126 N.M. (N.M.1999 ). After winning an election for county commissioner, and prior to taking office, the respondent received a certificate from the governor restoring her full right to hold elected office, which had been restricted as the result of a criminal conviction. The district attorney sought a writ preventing the respondent from holding the county commissioner's office, arguing that she was not qualified to vote in the election and thus was not qualified to hold office. The Court held that the respondent party was required to

---

[1] The Defendants' apologize for the late filing of the Brief. Defendants encountered computer problems and internet issues which delayed the filing.

Case: 1:14-cv-00055-WAL-GWC Document #: 9 Filed: 09/10/14 Page 3 of 6

Paul Payne et al. v. Caroline Fawkes et al.
Civil Nos. 2014-0053/2014-0055
Defendants' Brief Pursuant to Court Order dated September 10, 2014
Page: 3

meet statutory qualifications for the office at the time she took the oath of office rather than at the time she voted and because the respondent had received the governor's certificate restoring her rights prior to her taking the oath. the court held that she was qualified to serve as county commissioner. Id. The Court pointed out that the New Mexico Constitution does not specify a time period before taking office by which an elected official must be qualified. The court held that there was no basis for the position that "an elected official must be qualified to vote by the date of the election next preceding his or her swearing-in ceremony.,126 N.M. 733, at 736. The court concluded that the respondent became eligible to hold office when, prior to taking the oath of office she received the Governor's pardon. Id. The Court in Lopez explained that:

> Our conclusion is informed by separation of powers considerations related to the role of the Governor in restoring political rights to citizens of this state. As noted above, Article V, Section 6 empowers the executive branch of state government, not this Court or the Legislature, with clemency authority. If this Court were to grant the District Attorney's petition under the circumstances presented here. we would effectively void the Certificate the Governor gave Richardson. Because Article VII. Section 2(A) is silent on when requirements for holding office must be met and does not expressly limit the Governor's clemency authority, we conclude that voiding the Governor's certificate in this manner would be an unwarranted intrusion on the Governor's constitutional prerogative to restore Richardson's civil rights.

Lopez v. Kase, 126 N.M. 733, 737(N.M.1999). Similarly, in this case the Revised Organic Act specifically requires that the person be eligible to be a member of the legislature. It sets forth no time restriction, except that the person must be eligible to become a member of the legislature. Membership in the 31st legislature does not take effect until January 2015. Since Hansen obtained a pardon before she was elected, she still has the opportunity to cure any defect as it relates to her disqualification. See Lopez (Supra). Brezizecki v. Gregorio,246 N.J. Super. 634, 643-644(Law Div.1990) ("although the right to be a candidate for public office has never been held to enjoy' fundamental' status by either the United States Supreme Court ... it remains a

Case: 1:14-cv-00055-WAL-GWC Document #: 9 Filed: 09/10/14 Page 4 of 6

Paul Payne et al. v. Caroline Fawkes et al.
Civil Nos. 2014-0053/2014-0055
Defendants' Brief Pursuant to Court Order dated September 10, 2014
Page: 4

valuable one and its exercise should not be declared prohibited or curtailed except by plain provisions of law." Id. In Brezizecki, the court noted that that "although a convicted public official is otherwise disqualified from holding office "forever" by virtue of *N.J.S.A.* 2C:51-2c, should that official subsequently be granted a full pardon for that conviction, he is not thereafter barred from seeking public office. Despite the language of the statute, the pardon has removed all civil disabilities attendant to the conviction and restored the fundamental right of suffrage. The right to hold office is by statute 'coextensive' with the right to vote. A conviction, once pardoned, should not continue to effect disqualification unless explicitly so provided by law. The pardon, exclusively an executive function, is not subject to judicial review." Brezizecki, 246 N.J. Super. at 643-644(Law Div.1990). There is no question that the Governor pardoned Hansen with the understanding that her pardon would take immediate effect and remove the disqualification. The Governor's expectation is consistent the position in numerous cases that a pardon removes the disability. See People ex rel Symonds v. Gualano, 124 Ill. App. 208 (Ill. App. 1970); Malone v. Shyne, 937 So. 2d 343 (Sup. Ct. La 2006); Arnett v. Stumbo, 287 Ky. 433(Ky.1941); State ex rel. Sokira v. Burr, 580 So. 2d 1340 (Ala.1991); Hogan v. Hartwell, 242 Ala. 646, 648(Ala.1942).

Since Hansen's disqualification is curable she should be given the opportunity to cure even though the time for submitting nominations petitions has passed. Hansen submitted nomination petition on May 12, 2014. Until the recent V.I. Supreme Court's decision disqualifying her she had no basis to believe that she would be disqualified as her convictions were misdemeanors and no court in the Virgin Islands had held that her crime was a crime of moral turpitude. In re Brown, 190 S.W.3d 768, 770(Tex. App. Dallas2006)(holding that because

Paul Payne et al. v. Caroline Fawkes et al.
Civil Nos. 2014-0053/2014-0055
Defendants' Brief Pursuant to Court Order dated September 10, 2014
Page: 5

Patterson has not been provided the same opportunity to cure the defects in his petitions as he would have had if he had been notified of the defects before the deadline passed, he should be given opportunity to cure after deadline and should not be punished by exclusion). In re Brown,190 S.W.3d 768, 770(Tex. App. Dallas2006). In re Schumacher,2013 Pa. Dist. & Cnty. Dec. LEXIS 270, 2(Pa. County Ct.2013) (granting candidates will be granted leave of court to amend their nomination papers *nunc pro tunc)*. In this instance, Hansen relied on the decision of Supervisor Fawkes and the Superior court that she was qualified. Again it was only after the Supreme Court issued its decision on August 28, 2014, that Hansen learned for the first time that she was disqualified. She immediately sought the Government pardon to cure her disqualification.

**DATED**: 09/10/2014              **RESPECTFULLY SUBMITTED,**

                              **VINCENT F. FRAZER, ESQ.**
                              **ATTORNEY GENERAL**

**By:**   *s/ Carol Thomas Jacobs*
        **CAROL THOMAS-JACOBS, ESQ.**
        **ASSISTANT ATTORNEY GENERAL**
        V.I. Department of Justice
        Office of the Attorney General
        34-38 Kronprindsens Gade
        GERS Building, 2nd Floor
        St. Thomas, USVI 00802

Paul Payne et al. v. Caroline Fawkes et al.
Civil Nos. 2014-0053/2014-0055
Defendants' Brief Pursuant to Court Order dated September 10, 2014
Page: 6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Lee J. Rohn, Esq.
Lee J. Rohn & Associates
1101 King Street,
Christiansted, St. Croix, USVI, 00820

*s/ Carol Thomas Jacobs*